## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| TAJAHNE WILSON, | |
| Plaintiff, | Civil Action No. |
| v. | |
| 198 CALLAWAY RD, LLC d/b/a CIRCLE K, GAS EXPRESS, LLC d/b/a CIRCLE K and KYLE LEE, | **JURY TRIAL DEMANDED** |
| Defendants. | |

## COMPLAINT

Plaintiff Tajahne Wilson ("Plaintiff") files this Complaint against Defendants 198 Callaway Rd, LLC d/b/a Circle K, Gas Express, LLC d/b/a Circle K (collectively "Circle K") and Kyle Lee (collectively, "Defendants"). Plaintiff shows the Court as follows:

## INTRODUCTION

1.     This case concerns sexual harassment, sexual battery, and retaliation, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"), and Georgia state law. Despite Circle K's knowledge that Defendant Lee, who was Plaintiff's Manager, had a propensity to sexually

harass female employees at Plaintiff's workplace (the "Store"), Circle K repeatedly failed to take reasonable steps to stop or prevent his sexual harassment. As a direct consequence, Lee subjected Plaintiff to sexual harassment and battery, including regularly making sexually-explicit comments to Plaintiff, intentionally and repeatedly grabbing Plaintiff's buttocks, and exposing his penis to Plaintiff while he falsely imprisoned her in his moving car. Plaintiff consistently and expressly opposed Lee's unwanted advances and, after Plaintiff opposed reported that harassment to her Shift Leader, Lee retaliated by reducing Plaintiff's hours and, shortly thereafter, firing her. Although Circle K later contacted Plaintiff and offered to reinstate her, Plaintiff stated that she would accept Circle K's offer of re-employment only if Lee no longer worked at the Store. Despite stating that it would consider her request, Circle K took no action against Lee and never followed up with Plaintiff. All of Defendants' conduct created an immense amount of emotional distress and stress for Plaintiff.

2.     Plaintiff asserts claims against Circle K under Title VII for a hostile work environment based on her sex, "quid pro quo" sexual discrimination, and retaliation.

3.     Additionally, Plaintiff asserts claims against Circle K under Georgia state law for: negligent retention and supervision of Defendant Lee; negligent failure

to prevent sexual harassment; punitive damages pursuant to O.C.G.A. § 51-12-5.1; and expenses of litigation, including reasonable attorneys' fees, pursuant to O.C.G.A. § 13-6-11.

4.      Plaintiff also asserts claims against Lee under Georgia state law for: civil battery; civil assault; false imprisonment; punitive damages pursuant to O.C.G.A. § 51-12-5.1; and expenses of litigation, including reasonable attorneys' fees, pursuant to O.C.G.A. § 13-6-11.

## JURISDICTION AND VENUE

5.      This Court has federal-question jurisdiction over Plaintiff's Title VII claims, pursuant to 28 U.S.C. § 1331.

6.      Pursuant to 28 U.S.C. § 1367, the Court has supplemental jurisdiction over Plaintiff's state-law claims because such claims are so related to Plaintiff's Title VII claims that they form part of the same case or controversy.

7.      Pursuant to 28 U.S.C. § 1391(b), 42 U.S.C. § 2000e-5(f)(3) and Local Rule 3.1(B), venue is proper in this Court because the unlawful employment practices and tortious conduct described herein were primarily committed within the Atlanta Division of the Northern District of Georgia.

**PARTIES**

8.      Plaintiff is a citizen of the United States of America and a resident of the State of Georgia; she submits herself to the jurisdiction of this Court.

9.      Plaintiff was employed by Circle K as a Customer Service Representative from approximately November 2019 to on or around December 23, 2019.

10.      Defendant 198 Callaway Rd, LLC d/b/a Circle K is a Georgia company. Its principal office address is 1575 Northside Drive, Building 400, Suite 470, Atlanta, Georgia 30318.

11.      Defendant 198 Callaway Rd, LLC d/b/a Circle K may be served with process through its registered agent, Shams Nanji, at 1575 Northside Drive, Building 400, Suite 470, Atlanta, Georgia 30318.

12.      Defendant Gas Express, LLC d/b/a Circle K is a Georgia company.  Its principal office address is 1575 Northside Drive, Suite 470, Atlanta, Georgia 30318.

13.      Defendant Gas Express, LLC d/b/a Circle K may be served with process through its registered agent, Shams Nanji, at 1575 Northside Drive, Building 400, Suite 470, Atlanta, Georgia 30318.

14.      On information and belief, Defendants 198 Callaway Rd, LLC d/b/a Circle K and Gas Express, LLC d/b/a Circle K have highly interrelated and

4

integrated operations and management, shared and share Human Resources functions, jointly controlled the essential terms and conditions of Plaintiff's employment, and jointly employed Plaintiff.

15.     Defendants 198 Callaway Rd, LLC d/b/a and Gas Express, LLC d/b/a Circle K were single and/or joint employers of Plaintiff within the meaning of Title VII.

16.     At all relevant times, Circle K was an "employer" within the definition of Title VII and is governed by Title VII.

17.     Plaintiff was an "employee" of Circle K within the meaning of Title VII.

18.     Defendant Kyle Lee was a Manager for Circle K at all times relevant to this Complaint.  As a Manager, Lee had authority over Plaintiff, including the authority to discipline her and alter her work schedule.  Upon information and belief, Lee also had the authority to make hiring and firing decisions on behalf of Circle K.

19.     Upon information and belief, Lee is a Georgia resident and may be served with process at his residence and/or business address.

## ADMINISTRATIVE EXHAUSTION

20.      Plaintiff has satisfied all administrative prerequisites for bringing her Title VII claims in this Court.

21.     On May 22, 2020, Plaintiff filed her first Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), naming Circle K Stores, Inc. as a Respondent, in which Charge she asserted her Title VII claims for hostile work environment, "quid pro quo" sexual harassment, and retaliation.

22.     On July 27, 2020, upon learning the identify of Defendant 198 Callaway Rd, LLC d/b/a Circle K, Plaintiff filed an Amended Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), in which Charge she asserted her Title VII claims for hostile work environment, "quid pro quo" sexual harassment, and retaliation against Defendant 198 Callaway Rd, LLC d/b/a Circle K .

23.     On January 13, 2021, the EEOC issued a Notice of Right to Sue regarding Plaintiff's Charge of Discrimination.

24.     Plaintiff brings this suit within ninety (90) days of her receipt of the Notice of Right to Sue.

## STATEMENT OF FACTS

25.     Plaintiff is a former employee of Circle K.   Plaintiff began her employment with Circle K in approximately November 2019 as a Customer Service Representative.   Circle K terminated Plaintiff's employment on or about December 23, 2019.

26.   Beginning in approximately late November 2019, Plaintiff was subjected to severe and pervasive sexual harassment by a Circle K Manager, Defendant Kyle Lee.

27.   As Plaintiff's Manager, and at all relevant times, Lee oversaw operations at the Store and had the authority to, *inter alia*, direct Plaintiff's daily tasks and dictate how many hours that she would work each week.  Upon information and belief, Lee also had the authority to make hiring and firing decisions on behalf of Circle K.

28.   Lee sexually harassed and propositioned Plaintiff on a regular basis. This harassment included Lee whispering in Plaintiff's ear and asking "when [is she] gonna let [him] fuck" and "when [is she] gonna let [him] hit it," or words to that effect.

29.   Lee also regularly physically sexually harassed Plaintiff by grabbing her buttocks when Plaintiff crossed his path in the Store.

30.   Plaintiff opposed each of Lee's unwanted sexual advances.   In response, Lee would laugh at Plaintiff's rejections.

31.   Additionally, on one occasion, Lee beckoned Plaintiff, who had been smoking outside of the Store, to come sit in his car because it was raining.  Plaintiff

got into Lee's car as he directed, at which point he unexpectedly, and without warning, drove away from the Store.

32.     Plaintiff told Lee to let her out of the car, but he refused.  Instead, Lee stated "we'll be right back" before exposing his penis to Plaintiff.  Lee told Plaintiff to "touch it" and "feel it," but she expressly refused to do so.

33.     Because Lee would not stop the car, Plaintiff opened the car door and attempted to exit the moving vehicle.  It was only at this point that Lee agreed to return Plaintiff to the Store.

34.     Following the incident in Lee's car, Plaintiff reported Lee's actions to her Shift Leader, Laquantra Driggers.

35.     After Plaintiff consistently rejected Lee's unwanted sexual advances and reported his sexual misconduct to another Circle K manager, Lee reduced Plaintiff's work hours from five (5) days per week to three (3) days per week.  Lee provided no explanation to Plaintiff for his decision to suddenly reduce her scheduled hours, which caused a significant reduction in Plaintiff's wages.

36.     Lee reduced Plaintiff's work hours, an adverse employment action, because Plaintiff did not acquiesce to his sexual advances and, instead, opposed them.

37.   On information and belief, Lee regularly sexually harassed other female employees, including taking female employees into his office for sexual favors/activities.  This was widely discussed by Store employees.  Although there was a camera in Lee's office, it was usually obstructed so as to hide those activities.

38.   On information and belief, Circle K had been repeatedly notified regarding Lee's sexual harassment and pursuit of female employees.  Despite this knowledge, Circle K took no actions to stop Lee's sexual harassment or to ensure that Circle K's employees were not subject to a hostile work environment due to his pervasive sexual harassment.

39.   In late December 2019, Plaintiff missed work due to an illness. Plaintiff obtained a doctor's note documenting that illness, which she presented to Circle K on or about December 23, 2019.

40.   Rather than accepting Plaintiff's doctor's note, Lee terminated Plaintiff's employment on behalf of Circle K.  Lee justified Plaintiff's termination on the grounds that Plaintiff had allegedly been a "no call no show."  In fact, Defendants terminated Plaintiff because she did not acquiesce to Lee's sexual demands and instead repeatedly opposed them.

41.   After Plaintiff's termination, a Human Resources ("HR") Representative for Circle K contacted Plaintiff and offered to reinstate her.  Plaintiff

told the HR Representative that she would only go back to work at the Store if Lee no longer worked there. The HR Representative stated that Circle K would reach back out to Plaintiff. It never did.

42. Circle K's actions and/or inactions in subjecting Plaintiff to severe and/or pervasive harassment constituting a hostile work environment, subjecting Plaintiff to "quid pro quo" sexual harassment, and retaliating against Plaintiff for opposing the sexual harassment, were willful, wanton, and/or in reckless disregard for Plaintiff's rights under Title VII.

43. Lee's actions and/or inactions, including his verbal and physical sexual abuse of Plaintiff, as well as his efforts to forcibly detain Plaintiff in his moving car against her will, were specifically intended to harm Plaintiff.

44. Defendants acted with malice and/or with reckless indifference to Plaintiff's federally-protected rights.

45. Due to Defendants' violations of federal and state law, Plaintiff incurred lost wages and benefits, and experienced emotional distress, humiliation, inconvenience, mental anguish, and loss of enjoyment of life.

46. Defendants acted with the specific intent to harm Plaintiff.

**COUNT I**
**Hostile Work Environment Based on Sex in Violation of Title VII**
**(Asserted Against Circle K)**

47.    Plaintiff reasserts and incorporates by reference all preceding paragraphs of the Complaint.

48.    Lee, a manager for Circle K with supervisory authority over Plaintiff, subjected Plaintiff to severe and/or pervasive harassment based on her sex, which created a hostile work environment in violation of Title VII.

49.    Lee repeatedly touched Plaintiff in an unwelcome, offensive, and sexual manner, including forcibly grabbing her buttocks.

50.    Plaintiff repeatedly and expressly opposed Lee's conduct.

51.    When Plaintiff did not acquiesce to Lee's sexual advances but instead opposed them, Lee took adverse employment actions against her, including reducing her hours, and then terminating her employment.

52.    In addition, other female employees were subjected to Lee's offensive sexual conduct.

53.    On information and belief, other individuals besides Plaintiff had complained about Lee's offensive sexual conduct.

54.    Circle K failed to take reasonable steps to prevent and to stop the sexual harassment and hostile work environment that Plaintiff was forced to endure.

11

55.    As a consequence of the hostile work environment that Plaintiff endured, she incurred lost wages and benefits, and experienced emotional distress, humiliation, inconvenience, mental anguish, and loss of enjoyment of life.

56.    The actions and inactions of Circle K in subjecting Plaintiff to a severe and/or pervasive hostile work environment were willful, wanton, and/or in reckless disregard for Plaintiff's rights under Title VII.

57.    Circle K acted with malice and/or with reckless indifference to Plaintiff's Title VII rights.

58.    Plaintiff seeks all available relief under Title VII, including lost wages and benefits, compensatory damages, punitive damages, prejudgment and post-judgment interest, and reasonable attorneys' fees and costs.

**COUNT II**
**"Quid Pro Quo" Sexual Harassment in Violation of Title VII**
**(Asserted Against Circle K)**

59.    Plaintiff reasserts and incorporates by reference all preceding paragraphs of the Complaint.

60.    Circle K subjected Plaintiff to "quid pro quo" sexual harassment wherein her employment, and the terms and conditions of her employment, were made contingent upon her agreeing to engage in a sexual relationship with her Circle K manager, Lee.

61.    Lee, a manager with supervisory authority over Plaintiff, repeatedly propositioned Plaintiff, his subordinate, to engage in a sexual relationship with him. Among other things, he regularly asked Plaintiff when she would let him have sex with her and subjected her to sexual battery.  He also asked her to touch his exposed penis while he falsely imprisoned her in his moving vehicle.

62.    Circle K conditioned the number of hours that Plaintiff would be scheduled each week, and her employment, on her acceptance of Lee's unwanted sexual advances.

63.    When Plaintiff did not acquiesce to Lee's sexual advances, and opposed them, Lee took adverse employment actions against her, including reducing her hours, and then terminating her employment.

64.    As a consequence of the "quid pro quo" sexual harassment that she endured, Plaintiff incurred lost wages and benefits, and experienced emotional distress, humiliation, inconvenience, mental anguish, and loss of enjoyment of life.

65.    Circle K's actions and inactions in subjecting Plaintiff to "quid pro quo" sexual harassment were willful, wanton, and/or in reckless disregard for Plaintiff's rights under Title VII.

66.    Circle K acted with malice and/or with reckless indifference to Plaintiff's Title VII rights.

67.     Plaintiff seeks all available relief under Title VII, including lost wages and benefits, compensatory damages, punitive damages, prejudgment and post-judgment interest, and reasonable attorneys' fees and costs.

### COUNT III
### <u>Retaliation in Violation of Title VII</u>
### (Asserted Against Circle K)

68.     Plaintiff reasserts and incorporates by reference all preceding paragraphs of the Complaint.

69.     Plaintiff engaged in protected activity under Title VII by opposing Lee's frequent and unwanted sexual advances.

70.     Plaintiff also engaged in protected activity under Title VII by internally reporting Lee's sexual harassment to her Shift Leader after Lee falsely imprisoned and sexually harassed Plaintiff in his car.

71.     Circle K retaliated against Plaintiff for engaging in protected activity covered by Title VII by, among other things, (a) altering Plaintiff's schedule to ensure that she would work fewer hours and make less money, and (b) terminating Plaintiff's employment.

72.     As a consequence of the retaliation she experienced from Circle K, Plaintiff has incurred lost wages and benefits, and experienced emotional distress, humiliation, inconvenience, mental anguish, and loss of enjoyment of life.

73.    The actions and inactions of Circle K in retaliating against Plaintiff for engaging in protected activity were willful, wanton, and/or in reckless disregard for Plaintiff's rights under Title VII.

74.    Circle K acted with malice and/or with reckless indifference to Plaintiff's Title VII rights.

75.    Plaintiff seeks all available relief under Title VII, including compensatory damages, punitive damages, prejudgment and post-judgment interest, and reasonable attorneys' fees and costs.

## COUNT IV
## Negligent Retention and Supervision
### (Asserted Against Circle K)

76.    Plaintiff reasserts and incorporates by reference all preceding paragraphs of the Complaint.

77.    Circle K knew or should have known that Lee had the propensity to sexually harass females in the workplace, including through battery.  Circle K nevertheless continued to employ Lee and to schedule him to work with Plaintiff and other female employees, and took no action to prevent Lee's sexual harassment of its female employees, leading to a hostile work environment for its female employees, including Plaintiff.

78.     The negligence of Circle K in retaining and supervising Lee allowed and enabled him to, *inter alia*, commit the torts of civil battery, civil assault, and false imprisonment against Plaintiff.

79.     The actions and inactions of Circle K showed willful misconduct, malice, wantonness, oppression, and/or the entire want of care which would raise the presumption of conscious indifference to consequences.

80.     Circle K acted with the specific intent to harm Plaintiff.

81.     As a direct and proximate result of Circle K's negligence, Plaintiff suffered emotional distress, humiliation, inconvenience, and loss of enjoyment of life.

82.     Plaintiff is entitled to recover compensatory and punitive damages against Circle K in an amount to be determined by the enlightened conscience of the jury at trial.

**COUNT V**
**Negligent Failure to Prevent Sexual Harassment**
**(Asserted Against Circle K)**

83.     Plaintiff reasserts and incorporates by reference all preceding paragraphs of the Complaint.

84.     Circle K had an affirmative obligation to provide a workplace free of sexual harassment.

16

85.   Circle K knew, or in the exercise of reasonable care, should have known of Lee's propensity to sexually harass employees.

86.   Circle K failed to take action to prevent Lee from sexually harassing employees, including Plaintiff.

87.   Circle K's failure to take action to prevent Lee from sexually harassing employees, allowed and enabled Lee to, *inter alia*, sexually harass Plaintiff in the workplace, and to commit the torts of civil battery, civil assault, and false imprisonment against Plaintiff.

88.   The actions and inactions of Circle K showed willful misconduct, malice, wantonness, oppression, and/or the entire want of care which would raise the presumption of conscious indifference to consequences.

89.   Circle K acted with the specific intent to harm Plaintiff.

90.   As a direct and proximate result of Circle K's failure to provide a workplace free of sexual harassment, Plaintiff was subjected to sexual harassment, battery, assault, and false imprisonment, and suffered emotional distress, humiliation, inconvenience, and loss of enjoyment of life.

91.   Plaintiff is entitled to recover compensatory and punitive damages against Circle K in an amount to be determined by the enlightened conscience of the jury at trial.

**COUNT VI**
**Civil Battery**
**(Asserted Against Lee)**

92.     Plaintiff reasserts and incorporates by reference all preceding paragraphs of the Complaint.

93.     By intentionally physically grabbing Plaintiff's buttocks on multiple occasions, despite Plaintiff's repeated and outspoken opposition to Lee's conduct, Lee committed the tort of civil battery by offensively touching Plaintiff.

94.     A reasonable person would find Lee's unlawful touching of Plaintiff to be offensive.

95.     Lee's actions showed willful misconduct, malice, wantonness, oppression, and/or the entire want of care which would raise the presumption of conscious indifference to consequences.

96.     Lee acted with the specific intent to harm Plaintiff.

97.     As a direct and proximate result of Lee's battery of Plaintiff, Plaintiff suffered emotional distress, humiliation, inconvenience, and loss of enjoyment of life.

98.     Plaintiff is entitled to recover compensatory and punitive damages against Lee in an amount to be determined by the enlightened conscience of the jury at trial.

## COUNT VII
## <u>Civil Assault</u>
## (Asserted Against Lee)

99.   Plaintiff reasserts and incorporates by reference all preceding paragraphs of the Complaint.

100.   By physically preventing Plaintiff from exiting his vehicle and then demanding that she touch his exposed penis, Lee caused Plaintiff to reasonably apprehend a violent injury from Lee's unlawful acts.

101.   By physically preventing Plaintiff from exiting his vehicle, exposing his penis, and asking that she touch his penis, Lee committed the intentional tort of civil assault.

102.   Lee's actions showed willful misconduct, malice, wantonness, oppression, and/or the entire want of care which would raise the presumption of conscious indifference to consequences.

103.   Lee acted with the specific intent to harm Plaintiff.

104.   As a direct and proximate result of Lee's assault on Plaintiff, Plaintiff suffered emotional distress, humiliation, inconvenience, and loss of enjoyment of life.

105.   Plaintiff is entitled to recover compensatory and punitive damages against Lee in an amount to be determined by the enlightened conscience of the jury at trial.

## COUNT VIII
## False Imprisonment
### (Asserted Against Lee)

106.   Plaintiff reasserts and incorporates by reference all preceding paragraphs of the Complaint.

107.   By intentionally confining Plaintiff in his moving vehicle against her will and express wishes, Lee unlawfully detained Plaintiff and deprived her of her personal liberty, thereby committing the intentional tort of false imprisonment.

108.   Lee's actions showed willful misconduct, malice, wantonness, oppression, and/or the entire want of care which would raise the presumption of conscious indifference to consequences.

109.   Lee acted with the specific intent to harm Plaintiff.

110.   As a direct and proximate result of Lee's false imprisonment of Plaintiff, accomplished by physically confining her to his moving vehicle, Plaintiff suffered emotional distress, humiliation, inconvenience, and loss of enjoyment of life.

111.   Plaintiff is entitled to recover compensatory and punitive damages against Lee in an amount to be determined by the enlightened conscience of the jury at trial.

## COUNT IX
## Punitive Damages Pursuant to O.C.G.A. § 51-12-5.1
### (Asserted Against All Defendants)

112.   Plaintiff reasserts and incorporates by reference all preceding paragraphs of the Complaint.

113.   Defendants' actions, as described herein, showed willful misconduct, malice, wantonness, oppression, and/or the entire want of care which would raise the presumption of conscious indifference to consequences.

114.   Defendants acted with the specific intent to harm Plaintiff.

115.   Plaintiff is entitled to unlimited punitive damages on her Georgia state-law claims against Defendants, pursuant to O.C.G.A § 52-12-5.1.

## COUNT X
## Expenses of Litigation Pursuant to O.C.G.A. § 13-6-11
### (Asserted Against All Defendants)

116.   Plaintiff reasserts and incorporates by reference all preceding paragraphs of the Complaint.

117.   Defendants' tortious conduct as described herein was in bad faith and caused Plaintiff unnecessary trouble and expense.

118.   Pursuant to O.C.G.A. § 13-6-11, Defendants are liable for Plaintiff's expenses of litigation, including reasonable attorneys' fees and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands a **TRIAL BY JURY** and the following relief:

a)   A declaratory judgment that the practices of Circle K complained of herein are unlawful under Title VII;

b)   Full lost wages and benefits;

c)   Compensatory damages in an amount to be determined by the jury;

d)   Punitive damages in an amount to be determined by the jury;

e)   Attorneys' fees and costs;

f)   An award of prejudgment and post-judgement interest; and

g)   All other equitable and other further relief as this Court deems just and proper.

Respectfully submitted, this 18th day of January 2021.

*/s/ Justin M. Scott*
Justin M. Scott
Georgia Bar No. 557463
Michael David Forrest
Georgia Bar No. 974300
Scott Employment Law, P.C.
160 Clairemont Avenue, Suite 610
Decatur, Georgia 30030

Telephone: 678.780.4880
Facsimile: 478.575.2590
jscott@scottemploymentlaw.com
mforrest@scottemploymentlaw.com

Counsel for Plaintiff